UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY JAMAR MAYS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22 CV 246 |
| | ) |
| T-MOBILE, | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

This matter is before the court on defendant's motion to dismiss, or in the alternative, for a more definite statement. (DE # 9.) For the reasons that follow, defendant's motion is granted, with relief different than requested.

**I.    BACKGROUND**

Plaintiff Timothy Jamar Mays, proceeding *pro se*, filed a complaint against defendant T-Mobile USA, Inc. (DE # 1.) This court, screening plaintiff's complaint pursuant to 28 U.S.C. § 1915, held that plaintiff's complaint failed to state a claim, and granted plaintiff leave to re-file. (DE # 3.) In his amended complaint, plaintiff alleges that defendant deprived him of his rights when he sent payment to defendant twice and it did not accept his payments. (DE # 4.)

Defendant now moves to dismiss plaintiff's claim for failure to state a claim, or in the alternative, moves for a more definite statement. (DE # 9.) Plaintiff did not file a response to defendant's motion and the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d). This matter is ripe for ruling.

## II.   LEGAL STANDARD

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

In ruling on the pending motion to dismiss, the court is mindful of plaintiff's *pro se* status. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**II.     DISCUSSION**

In this court's order screening plaintiff's complaint, this court held that plaintiff's claim (that defendant discriminated against him by refusing to accept his payments and denying him his right to operate through paper writing) was too vague to state a claim. (*Id.*) This court noted that it was not clear what plaintiff meant when he claimed that defendant denied him his right to operate through paper writing; nor was it clear what action he was prevented from taking or whether he was denied any legal right. (*Id.*)

This court granted plaintiff leave to file an amended complaint, addressing these deficiencies. However, plaintiff's amended complaint is, if anything, more vague than his original complaint. His sole allegation is that defendant violated his rights by failing to accept his payments. Plaintiff failed to address any of the deficiencies this court noted in its earlier order. As his amended complaint currently stands, there is no legal basis that this court can discern for plaintiff's claim that defendant refused to accept his attempted payments. For example, while 42 U.S.C. § 1981 prohibits race discrimination and retaliation in the making and enforcing of contracts, 42 U.S.C. § 1981 ("All persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens[.]"), plaintiff's amended complaint does not allege race discrimination related to any contract.

To the extent that plaintiff attempts to plead a state law breach of contract claim, such a claim is not sufficiently clear on the face of his amended complaint. Moreover, he has not alleged facts sufficient to support jurisdiction in this court. This court's original

3

subject matter jurisdiction over state law claims must be premised on diversity jurisdiction under 28 U.S.C. § 1332, which requires that the parties on each side of an action are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and that the amount in controversy exceeds $75,000. As the party seeking this court's jurisdiction, plaintiff bears the burden of showing that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). A failure to meet that burden can result in a dismissal. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Plaintiff has not properly alleged the citizenship of each party[1] or shown that the amount in controversy exceeds $75,000. Thus, this court cannot confirm that the requirements of diversity jurisdiction are satisfied. *See McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit.").[2]

---

[1] Diversity jurisdiction is based on diversity of citizenship. Citizenship, for natural persons, "depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). On the other hand, "what matters for the citizenship of a corporation is its state of incorporation and its principal place of business, not its 'headquarters.'" *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018).

[2] Plaintiff filed similar claims in two other lawsuits in this district. *Mays v. State Farm*, 2:22-cv-280-JPK (filed Sept. 23, 2022); *Mays v. Exeter Finance*, 2:22-cv-281-TLS-JPK (filed Sept. 23, 2022). In both of these cases, plaintiff's complaints (alleging that the defendants failed to accept his payments) were dismissed for failure to state a claim, with leave to re-file.

The court will permit plaintiff an opportunity to cure the defects in his complaint. *Felton v. City of Chicago,* 827 F.3d 632, 635 (7th Cir. 2016) ("when a plaintiff – especially a *pro se* plaintiff – fails to state a claim in his first complaint, he should ordinarily be given a chance to amend"). He must identify the citizenship of the parties, as discussed above, and the amount in controversy. Plaintiff may request jurisdictional discovery from defendant to help him identify defendant's citizenship. As an alternative to providing responses to jurisdictional discovery, defendant may file a notice with the court, by April 4, 2023, identifying its citizenship. Plaintiff must also file an amended complaint that resolves the substantive issues described in this Opinion and Order.

IV.   **CONCLUSION**

Accordingly, the court **GRANTS with relief different than requested** defendant T-Mobile USA, Inc.'s motion to dismiss. (DE # 9.) If plaintiff wishes to continue with this case, he must file an amended complaint by **April 4, 2023,** resolving the issues described herein. Plaintiff is warned that failure to abide by this deadline **will result in dismissal of the complaint**.

**SO ORDERED.**

Date: March 14, 2023

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT